IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Michael Damian Glenn Blocker, #321825, | ) ) ) | C/A No.: 1:18-3316-JMC-SVH |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| S.C.D.P.P.P.S.; Larry Patton, Jr.; Kershaw Correctional Inst.; A/W Cannin; A/W Ford; Major Smith; Capt. Davies; Capt. Goodwen; Nurse Broche; Nurse Black; Caseworker Rague; Manning C.I.; Officer Igin; and Capt. Branell, all in their individual capacities, | ) ) ) ) ) ) ) ) ) ) ) ) | ORDER AND NOTICE |
| Defendants. | ) ) | |

Michael Damian Glenn Blocker ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint alleging a violation of his constitutional rights by the South Carolina Department of Probation, Parole, and Pardon Services ("SCDPPPS"), Larry Patton, Jr. ("Patton"), Kershaw Correctional Institution ("KCI"), Assistant Warden Cannin ("Cannin"), Assistant Warden Ford, Major Smith, Captain Davies ("Davies"), Captain Goodwen ("Goodwen"), Nurse Broche ("Broche"), Nurse Black ("Black"), Caseworker Rague ("Rague"), Manning Correctional Institution ("MCI"), Officer Igin, and Captain Branell. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and

Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I. Factual and Procedural Background

Plaintiff claims he received parole on October 17, 2018, but because Patton failed to process his paperwork, he is being held against his will. [ECF No. 1 at 4–5]. Plaintiff states that after he fell in the law library on November 16, 2018, he was taken to medical and given a shot, but was never transported to the hospital to be checked. *Id.* at 5. Plaintiff alleges he was placed in a wheelchair and escorted to the control holding cell where he remained for three days without a bed. *Id.* at 5–6.

Plaintiff sues Broche related to a tooth that he pulled himself. *Id.* at 6. Plaintiff alleges Rague failed to move him after he made parole from a unit with inmates serving life or maximum sentences. *Id.* Plaintiff claims he has had problems breathing and pain in his side since he was taken to the hospital on March 12, 2018, and alleges he has not been given adequate pain medication. *Id.* Plaintiff claims he requested medical care on December 5, but his request was denied. *Id.* Plaintiff seeks monetary damages and injunctive relief. *Id.*

II. Discussion

    A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim

3

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

1. Eleventh Amendment Immunity

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Such immunity extends to arms of the state, including a state's agencies, instrumentalities, and employees. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979) (holding that Congress has not abrogated the states' sovereign immunity under § 1983); *see also* S.C. Code Ann. § 15-78-20(e) (stating that South Carolina has not consented to suit in federal district court). As a state agency, SCDPPPS is immune from Plaintiff's claims for damages under 42 U.S.C. § 1983. The undersigned recommends SCDPPPS be summarily dismissed.

4

2. Improper Defendants

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is well-settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978). Courts have held that inanimate objects such as buildings, facilities, and grounds are not considered a person and do not act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"). In this case, Plaintiff names as defendants KCI and MCI, facilities primarily used to house inmates serving state sentences. Because KCI and MCI are not persons amenable to suit under § 1983, these defendants should be summarily dismissed.

3. Insufficient Factual Allegations

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United

5

States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff's complaint does not contain any factual allegations regarding Ford, Smith, Black, Igin, and Branell, and insufficient factual allegations of constitutional wrongdoing or discriminatory actions attributable to Goodwen, Cannin, Davies, Broche, Rague, and Patton. *See Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988) (noting "[s]weeping conclusory allegations against a prison official will not suffice"; an inmate must set forth specific facts as to each individual defendant's participation). Accordingly, Plaintiff's civil rights claims against these defendants should be summarily dismissed.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by December 27, 2018, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an

6

amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

    IT IS SO ORDERED.

December 13, 2018　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　United States Magistrate Judge