# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Michael Damian Glenn Blocker, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 1:18-cv-03316-JMC |
| ) | |
| v. ) | |
| ) | |
| S.C.D.P.P.P.S.; Larry Patton, Jr.; ) | |
| Kershaw Correctional Inst.; A/W Cannin; ) | **ORDER** |
| A/W Ford; Major Smith; Capt. Davies; ) | |
| Capt. Goodwen; Nurse Broche; ) | |
| Nurse Black; Caseworker Rague; ) | |
| Manning C.I.; Officer Igim; and ) | |
| Capt. Branell, *all in their individual* ) | |
| *capacities*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on December 28, 2018 (ECF No. 12). The court **ACCEPTS** the Magistrate Judge's Report and incorporates it herein by reference. For the reasons set out in the Report, the court **DISMISSES** *with prejudice* Plaintiff Michael Damian Glenn Blocker's Complaint (ECF No. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 12 at 1–2.) On December 10, 2018, Plaintiff, proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action against the named Defendants. (*Id.* at 1–3.) On December 13, 2018, the Magistrate Judge entered an Order recommending that (1) Defendant South Carolina Department of Probation, Parole, and Pardon Services be summarily

dismissed based on sovereign immunity; (2) Defendants Kershaw Correctional Institution and Manning Correctional Institution be summarily dismissed because they are not persons amenable to suit under § 1983; and (3) dismissal of the claims against the remaining Defendants because Plaintiff's Complaint contained "insufficient factual allegations of constitutional wrongdoing or discriminatory actions" by the remaining named Defendants. (ECF No. 7 at 4–6.) The Order also provided Plaintiff with an opportunity "to correct the defects in his [C]omplaint by filing an amended complaint by December 27, 2018," and informed Plaintiff that "[i]f [he] fail[ed] to file an amended complaint or fail[ed] to cure the deficiencies identified . . ., the court w[ould] recommend to the district court that the case be dismissed without leave for further amendment." (*Id.* at 7.) Plaintiff did not file an amended complaint.

The Magistrate Judge entered her Report on December 28, 2018. (ECF No. 12.) The Report makes the same findings and recommendations as the Magistrate Judge's December 13, 2018 Order. (*Compare* ECF No. 7, *with* ECF No. 12.) Further, the Magistrate Judge found "Plaintiff failed to file an amended complaint within the time provided" and "recommends the district court dismiss this action with prejudice." (ECF No. 12 at 7 (citing *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 630 (4th Cir. 2015)).)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District Court of South Carolina. The Magistrate Judge only makes a recommendation to this court; the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This court engages in a de novo review of those portions of the Report and Recommendation to which the parties have made specific objections. *See* 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3). The court

may accept, reject or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

On December 28, 2018, as part of the Report, the Magistrate Judge notified the parties of their right to file objections by January 11, 2019. (ECF No. 12 at 8.) Neither of the parties filed any objections to the Report by this date. In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendations without modification. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Absent objections, the court must only ensure that there is no clear error on the face of the record in order to accept the recommendations. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). If a party fails to file specific, written objections to the Report, the party forfeits the right to appeal the court's decision concerning the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Accordingly, since none of the parties filed any objections to the Report, and the court observes no clear error on the face of the record, the court accepts the Magistrate Judge's Report. *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199.

### IV. CONCLUSION

After a thorough and careful review of the record, the court finds the Magistrate Judge's Report and Recommendation provides an accurate summary of the facts and law in this case. Accordingly, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 12) and incorporates it herein by reference. For the reasons set out in the Report, the court **DISMISSES** *with prejudice* Plaintiff's Complaint (ECF No. 1).

**IT IS SO ORDERED.**

_J. Michelle Childs_
United States District Judge

April 24, 2019
Columbia, South Carolina